IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DEBRA GENNARO                                                                                   PLAINTIFF

VERSUS                                        CIVIL ACTION NO.   1:23cv202 LG-RPM

DENIS MC DONOUGH, SECRETARY                                                       DEFENDANT
DEPARTMENT OF VETERANS AFFAIRS

COMPLAINT & JURY DEMAND
JURY TRIAL REQUESTED

COMES NOW the Plaintiff, Debra Gennaro by and through the undersigned attorney, and files this Complaint & Jury Demand and moves this Honorable Court for judgment against the Defendant, Denis McDonough, Secretary, Department of Veterans Affairs alleging age-based discrimination, hostile work environment and retaliation in violation of The Age Discrimination in Employment Act of 1967, 29 U.S.C.A. § 621 *et seq*.  ("ADEA") and disability/impairment-based discrimination, hostile work environment and retaliation in violation of The Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*., and, in support thereof, would allege and show unto this Honorable Court the following:

I.  PARTIES

1. Debra Gennaro ["Ms. Gennaro" or "Plaintiff"] is a citizen of Harrison County, Miss.

2. Denis McDonough is Secretary for the Department of Veterans Affairs, a governmental entity organized and existing under and by virtue of the laws of the United States in the business of assisting military veterans through, inter alia, the provision of medical services. The Secretary for the Department of Veterans Affairs may be served with process by certified mail, return receipt requested at the United States Department of Veterans Affairs, 810 Vermont Avenue, NW, Washington D.C. 20420 and through the United States Attorney for the Southern

District of Mississippi, 1575 20th Avenue, Gulfport MS 39501, phone: 228-563-1560, and through the Attorney General of the United States, United States Department of Justice, 950 Pennsylvania Avenue, NW, Washington D.C. 20530-0001.

## II.  JURISDICTION & VENUE

3.  Jurisdiction is proper pursuant to 28 U.S.C. § 1331 with respect to Plaintiff's allegations of violation of her federally-protected rights pursuant to the ADEA and ADA.

4.  Venue is proper as the acts giving rise to this action occurred within the Southern District of Mississippi, Southern Division.

## III.  FACTS

5.  Debra Gennaro served the Medical Service for 14.5 years as Secretary/Timekeeper and, after May 2021, as Program & Management Assistant. She had an unblemished record of success and treasured working relationships; however, Dr. Kathy Hebert's arrival as Chief resulted in Gennaro suffering four months of brutally hostile working conditions, ending with dangerously-high blood pressure diagnosis requiring extensive medical management.

6.  After eight months of medical leave and months before expiration of leave approved through Oct. 20, 2022, Hebert threatened Gennaro with removal unless she reported to work the "next day" and asserting that Gennaro was AWOL since Sep. 13, 2021.

7.  In the four months Gennaro worked directly under Hebert, a second-level supervisor who, effectively, was Gennaro's only supervisor as Hebert cut Administrative Officer Antoinette Gines out of the picture. Gennaro did her best to work with Hebert but, when Gennaro stood her ground against and reported prohibited actions. Hebert retaliated by subjecting Gennaro to harassment, humiliation, embarrassment, bullying, physical intimidation (yelling, hovering over

Gennaro, slamming items, etc). Gennaro reported these incidents to Gines who relayed the disclosures to Chief of Staff, Dr. Foresman, all to no avail.

8. On Aug. 26, 2021, Gennaro sought relief through the EEO process/interview [See EEOC #420-2022-00143X-Agency #2003-0520-20211005275.  Hebert retaliated with a personal attack on Gennaro, accusing her of not doing her job and sending her an email ordering her to make a presentation just two days later on an aspect of Gennaro's new position for which Hebert well knew Gennaro had not received training, solely because of the overwhelming workload she carried while covering the work of several positions until a Secretary/Timekeeper was hired. Hebert deliberately omitted Gines from this email attacking Gennaro personally. Gennaro felt isolated, vulnerable and extremely anxious under the circumstances and soon began to feel tightness in her chest and shortness of breath. Occupational Health found dangerously-high blood pressure and sent her home with orders to consult her doctor and not return until she was released.

9. Stabilizing Gennaro's blood pressure required extended medical leave as her doctors struggled through trials of new, different medications in varying combinations, many with side effects. Gennaro submitted the required requests for FMLA/other leave for each time period, along with medical documentation that was periodically updated as required, to Gines who advised Gennaro of leave approval. Despite these assurances, Hebert, with no notice or warning and eight months into Gennaro's approved medical leave, sent a letter dated May 9, 2022, threatening Gennaro with removal from federal service unless she returned to work "...the <u>next duty day</u>..after receipt..." [emphasis in original] and outrageously asserting that Gennaro had

3

been "...AWOL...hav[ing] failed to report to work since September 13, 2021..."

10. Gennaro was appalled and hopeless to realize that the employer she served loyally for years would allow such obvious misrepresentations and threats against her. Having no opportunity to obtain legal assistance under the "next day" deadline, Gennaro responded by email the same day she received the threat, May 11, 2022, addressing Hebert and Director Bryan Matthews and strongly disputing Hebert's assertions and providing with documents demonstrating her medical leave status/approval through Oct. 20, 2022. Gennaro received no response, apart from routine assistance with retirement processing. Gennaro also requested help with work-related medical expenses, which was initially denied. She recently received notice that this claim has been reinstated, after review, pending an independent medical examination.

11. Throughout her employment, Plaintiff successfully met and/or exceeded applicable job qualifications and performed her assigned duties and responsibilities in a manner which fully met or exceeded the legitimate expectations of Defendant.

12. Defendant is liable for all actions of its agents as said actions occurred during the scope of Plaintiff's employment by Defendant.

13. Plaintiff was adversely affected in the terms and conditions of employment because of Plaintiff's age and/or disability/impairment and/or being "regarded as" disabled/impaired in violation of the ADEA and/or ADA.

14. Plaintiff avers that age-based and/or disability/impairment and/or "regarded as" disabled/impaired-based discrimination, hostile work environment and/or retaliation was the reason for or was a motivating factor in Defendant's acts/omissions, which caused and which

4

continue to cause, damage to Plaintiff.

15. Plaintiff is entitled to recover punitive/exemplary damages as Defendant's actions taken intentionally, without cause, and were calculated deliberately and with malice to and wilful disregard for Plaintiff's federally protected rights.

16. Plaintiff has been damaged as a direct and proximate result of the actions of Defendant including, but not limited to, lost income, loss of injury compensation, loss of employment benefits, loss of enjoyment of life, physical illness, mental anxiety, physical and emotional distress, medical expenses.

17. At all times relevant here, Defendant has been an "employer" within the meaning of the ADA and ADEA.

18. Plaintiff has performed all conditions precedent to maintenance of this action by duly complying with federal statutory prerequisites, filing this action within 90 days of receipt of a Final Agency Decision.

### IV.  COUNT ONE:  AGE-BASED DISCRIMINATION

19. Plaintiff adopts herein by reference and realleges each of the allegations contained in all paragraphs of her Complaint as if specifically set out again herein.

20. Defendant's above-described acts and omissions were based upon unlawful age-based discrimination in violation of the ADEA;

21. Defendant's unlawful age-based discrimination in violation of the ADEA was the sole, or, alternatively, a motivating factor in the actions taken against Plaintiff;

22. Defendant's above-described actions and failures to act subjected Plaintiff to public

humiliation, embarrassment and disdain and, further, damaged her reputation. Defendant's acts and omissions were intentional and wilful and done with malice or reckless indifference to Plaintiff's federally-protected rights.

23. Defendant's acts and omissions have proximately caused and continue to cause Plaintiff to suffer damages. Further, Defendant's acts/omissions in violation of Plaintiff's statutory rights pursuant to ADEA were intentional, wilful and done with malice or reckless indifference to said rights so that Defendant is liable for punitive damages pursuant to 42 USCA § 1981a(b)(1).

V. COUNT TWO: AGE-BASED HOSTILE WORK ENVIRONMENT

24. Plaintiff adopts herein by reference and realleges each of the allegations contained in all paragraphs of her Complaint as if specifically set out again herein.

25. Plaintiff was subjected to hostile working conditions in which she was intentionally discriminated against pervasively and severely so that Plaintiff's working conditions were altered based upon age-based discrimination including openly hostile and demeaning comments, physical threat/assault, and unfair/unreasonable criticism of Plaintiff, all of which caused Plaintiff severe emotional distress, interfered with Plaintiff's ability to function in her position/role, and, further, resulted in Plaintiff's physical illness with dangerously-high blood pressure which Defendant, ultimately, used to oust Plaintiff from the workplace, tarnish her reputation, and end a career Plaintiff cherished and worked for years to establish;

26. Defendant knew, or should have known, of the harassment and hostilities against Plaintiff committed by it and/or its agents and failed to take remedial action.

27. Defendant's violation of Plaintiff's federal statutory rights pursuant to ADEA proximately caused Plaintiff to suffer and continue to suffer damages. Further, Defendant's acts/omissions in violation of Plaintiff's statutory rights pursuant to ADEA were intentional, wilful and done with malice or reckless indifference to said rights so that Defendant is liable for punitive damages pursuant to 42 USCA § 1981a(b)(1).

VI.  COUNT THREE:  AGE-BASED RETALIATION

28.  Plaintiff adopts herein by reference and realleges each of the allegations contained in all paragraphs of her Complaint as if specifically set out again herein.

29. Defendant's acts and omissions were based upon unlawful and retaliatory discrimination in violation of ADEA.

30.  Defendant's retaliation-based violation of Plaintiff's federal statutory rights under ADEA was the sole, or, alternatively, a motivating factor in the Defendant's acts/omissions with resulting in damages to Plaintiff.

31.  Defendant's acts and omissions have proximately caused and continue to cause Plaintiff to suffer damages. Further, Defendant's acts/omissions in violation of Plaintiff's federal statutory rights under ADEA were intentional, wilful and done with malice or reckless indifference to said rights so that Defendant is liable for punitive damages pursuant to 42 USCA § 1981a(b)(1).

VI.  COUNT FOUR:  DISABILITY/IMPAIRMENT BASED DISCRIMINATION

32.  Plaintiff adopts herein by reference and realleges each of the allegations contained in all paragraphs of her Complaint as if specifically set out again herein.

33. Plaintiff adopts herein by reference and realleges each of the allegations contained in all paragraphs of her Complaint as if specifically set out again herein.

34. Plaintiff was subjected to hostile working conditions in which she was intentionally discriminated against pervasively and severely so that Plaintiff's working conditions were altered based upon disability/impairment-based discrimination including openly hostile and demeaning comments, physical threat/assault, and unfair/unreasonable criticism of Plaintiff, all of which caused Plaintiff severe emotional distress, interfered with Plaintiff's ability to function in her position/role, and, further, resulted in Plaintiff's physical illness with dangerously-high blood pressure which Defendant, ultimately, used to oust Plaintiff from the workplace, tarnish her reputation, and end a career Plaintiff cherished and worked for years to establish;

35. Defendant knew, or should have known, of the harassment and hostilities against Plaintiff committed by it and/or its agents and failed to take remedial action.

36. Defendant's violation of Plaintiff's federal statutory rights pursuant to ADA proximately caused Plaintiff to suffer and continue to suffer damages. Further, Defendant's acts/omissions in violation of Plaintiff's statutory rights pursuant to ADA were intentional, wilful and done with malice or reckless indifference to said rights so that Defendant is liable for punitive damages pursuant to 42 USCA § 1981a(b)(1).

37. The Plaintiff has suffered and continues to suffer damages as a result of the Defendant's aforesaid conduct.

VII. COUNT FIVE: DISABILITY/IMPAIRMENT BASED HOSTILE WORK ENVIRONMENT

38. Plaintiff adopts herein by reference and realleges each of the allegations contained in

all paragraphs of her Complaint as if specifically set out again herein.

39. Plaintiff was subjected to hostile working conditions in which she was intentionally discriminated against pervasively and severely so that Plaintiff's working conditions were altered based upon disability/impairment-based discrimination including openly hostile and demeaning comments, physical threat/assault, and unfair/unreasonable criticism of Plaintiff, all of which caused Plaintiff severe emotional distress, interfered with Plaintiff's ability to function in her position/role, and, further, resulted in Plaintiff's physical illness with dangerously-high blood pressure which Defendant, ultimately, used to oust Plaintiff from the workplace, tarnish her reputation, and end a career Plaintiff cherished and worked for years to establish;

40. Defendant knew, or should have known, of the harassment and hostilities against Plaintiff committed by it and/or its agents and failed to take remedial action.

41. Defendant's violation of Plaintiff's federal statutory rights pursuant to ADA proximately caused Plaintiff to suffer and continue to suffer damages. Further, Defendant's acts/omissions in violation of Plaintiff's statutory rights pursuant to ADA were intentional, wilful and done with malice or reckless indifference to said rights so that Defendant is liable for punitive damages pursuant to 42 USCA § 1981a(b)(1).

VIII. COUNT SIX: DISABILITY/IMPAIRMENT BASED RETALIATION

42. Plaintiff adopts herein by reference and realleges each of the allegations contained in all paragraphs of her Complaint as if specifically set out again herein.

43. Defendant's acts and omissions were based upon unlawful and retaliatory discrimination in violation of ADA.

44. Defendant's retaliation-based violation of Plaintiff's federal statutory rights under ADA was the sole, or, alternatively, a motivating factor in the Defendant's acts/omissions with resulting in damages to Plaintiff.

45. Defendant's acts and omissions have proximately caused and continue to cause Plaintiff to suffer damages. Further, Defendant's acts/omissions in violation of Plaintiff's federal statutory rights under ADA were intentional, wilful and done with malice or reckless indifference to said rights so that Defendant is liable for punitive damages pursuant to 42 USCA § 1981a(b)(1).

PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, Debra Gennaro, respectfully prays for judgment of and from Defendant, Denis McDonough, Secretary, Department of Veterans Affairs, for equitable, monetary and all other appropriate relief to which Plaintiff is entitled under law including, but not limited to actual and compensatory damages and punitive damages and, further, prays that this Honorable Court order such other or further relief as is necessary to make the Plaintiff whole, including: (i) reinstatement; (ii) back pay and other affirmative relief necessary to eradicate effects of Defendant's past/present unlawful employment practices; (iii) front pay; (iv) compensation for past and future pecuniary losses, including but not limited to injury to Plaintiff's reputation and earning losses; (v) compensation for non-pecuniary losses, including but not limited to emotional distress and mental anguish; (vi) exemplary or punitive damages sufficient to discourage Defendant from future wilful, intentional, malicious and/or reckless conduct in an amount to be determined at trial; (vii) attorneys fees herein and in

related proceedings before appellate court and costs; (viii) prejudgment and post-judgment interest on the above amounts; (ix) all other legal and equitable relief to which Plaintiff may be justly entitled herein.

## JURY TRIAL DEMAND

Plaintiff respectfully requests jury trial on all questions of fact raised by her complaint.

RESPECTFULLY SUBMITTED, this the 14th day of August, 2023.

DEBRA GENNARO, Plaintiff

BY: ___/s/ Kaye J. Persons_____
KAYE J. PERSONS, Miss. Bar No. 9930

KAYE J. PERSONS, PLLC
14445 Jim Byrd Road
Biloxi, Mississippi 39532
228-396-3700
228-396-0055 FAX
kaye@kayejpersons.org

11